**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LEO DAVIS, | No. 19-15857 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02603-SMB-CDB |
| v. | |
| GOODYEAR POLICE DEPARTMENT, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Arizona state pretrial detainee John Leo Davis appeals pro se from the

district court's judgment dismissing his action alleging federal and state law claims

arising out of his arrest in 2015.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1047 (9th Cir. 2008) (dismissal on the basis of the statute of limitations); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Davis's action as time-barred because Davis filed this action more than two years after his federal claims accrued, and more than one year after his state law claims accrued. *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury claims); Ariz. Rev. Stat. § 12-821 (one-year statute of limitations for actions against a public entity or public employee); *Soto v. Sweetman*, 882 F.3d 865, 870-71 (9th Cir. 2018) (state tolling and statute of limitations for personal injury claims apply to § 1983 action, and federal law governs when claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action); *see also Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998) (unsound mind equitable tolling may not be established by "conclusory averments such as assertions that one was unable to manage daily affairs or understand legal rights and liabilities" but rather requires plaintiff to set forth "specific facts").

**AFFIRMED.**